IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MICHAEL MAHONE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | No. 2:20-cv-2493-JTF-atc |
| F/N/U MANNING, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE (ECF NO. 1)
AND GRANTING LEAVE TO AMEND**

Before the Court is the *pro se* complaint filed under 42 U.S.C. § 1983 on July 8, 2020 by Plaintiff Michael Mahone, who is incarcerated at Bledsoe County Correctional Complex in Pikeville, Tennessee.[1] (ECF No. 1.) On August 26, 2020, the Court granted him leave to proceed *in forma pauperis*. (ECF No. 7.)

Mahone's 225-page complaint against 58 Defendants alleges, *inter alia*: (1) "fail[ure] to adhere to Shelby County Sheriff's Office policy or custom" (ECF No. 1-2 at PageID 15-18 & 28-34); (2) arbitrary action by the SCCJC's disciplinary panel (*id*. at PageID 18-26); (3) violation of Plaintiff's "bodily privacy" (*id*. at PageID 26-27); (4) deliberate indifference to "Mahone's needs in disciplinary detention" (*id*. at PageID 34-49 & 99-107); (5) "administrative misconduct" (*id*. at PageID 49-74); (6) deprivation of due process and equal protection (*id*. at PageID 75-80, 87-99, 122-26 & 129-43; ECF No. 1-3 at PageID 224-43); (7) conspiracy to retaliate (ECF No. 1-2 at PageID 80-86); (8) violation of First Amendment rights, along with conspiracy to do so (*id*. at

---

[1] Plaintiff was incarcerated at Shelby County Criminal Justice Complex (SCCJC) at the time he filed his § 1983 complaint. (ECF No. 1.) On April 5, 2021, he was transferred to Bledsoe County Correctional Complex (BCCC). (ECF No. 11.)

PageID 107-21, 126-29 & 143-99); (9) violation of "the Privacy Act" (*id.* at PageID 199-214); (10) deprivation of liberty (ECF No. 1-3 at PageID 216-18 & 220-223); (11) deprivation of good time credits (*id.* at PageID 218-19); and (12) deprivation of property (*id.* at PageID 219).  Among the 52 Defendants are: "unknown jailer"; "unknown pill call nurse"; "unknown nurse"; "unknown grievance supervisor"; "various unknown jailers"; "unknown SCSO administrators and supervisors"; "unknown party responsible for jail operations"; "unknown sergeants"; "unknown D.R.T. officer"; "unknown SCSO employee responsible for facilitating detainee/inmate phone repair"; and "unknown employee in the legal/records department."  (ECF No. 1 at PageID 2-4.)

To the very limited extent that Mahone's verbose legal claims and their supporting factual allegations can be construed, there is tremendous overlap among all of them.  Within Mahone's 225-page handwritten pages are also charts (ECF No. 1-2 at PageID 205-07; ECF No. 1-3 at PageID 225, 226, 228 & 230) and lists (ECF No. 1-2 at PageID 209-11) with a dizzying array of details.  Furthermore, Mahone's tables of the 58 Defendants and his claims against them serve only to highlight the confusing nature by which he presents his claims.  (ECF No. 1-1 at PageID 7-14.)  The complaint seems to encompass events at SCCJC spanning the period March 29, 2017 (ECF No. 1-3 at PageID 220) through May 22, 2020 (ECF No. 1-2 at PageID 213).  His complaint does not indicate the relief he seeks.  (ECF Nos. 1, 1-1 & 1-2.)

I.      **LEGAL STANDARD**

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

As to step one, in assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. In addition, Federal Rule of Civil Procedure 8 provides guidance on this issue. Even though Rule 8 only requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases will accord slightly more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). That said, p*ro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))); and *Payne v. Sec'y of Treas.,* 73 F. App'x 836, 837 (6th Cir. 2003)

3

(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"). "District judges have no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford,* 542 U.S. 225, 231, 124 S.Ct. 2441, 159 L.Ed.2d 338 (2004). Federal courts are not required to "affirmatively … ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue." *Young Bok Song v. Gipson,* 423 F. App'x 506, 510 (6th Cir. 2011).

## II.     REQUIREMENTS TO STATE A CLAIM UNDER 42 U.S.C. § 1983

Plaintiff sues under 42 U.S.C. § 1983. To state a claim under that statute, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). For his claims to succeed, Plaintiff must satisfy these requirements.

## III.    ANALYSIS

Federal Rule of Civil Procedure 8(a)(2) requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Mahone's complaint does not comport with this requirement.

His pleading, as drafted, presents this Court with an unwieldy management problem. His complaint is "so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." *Harrell v. Dirs. of Bur. of Narcotics &*

4

*Dangerous Drugs,* 70 F.R.D. 444, 446 (E.D. Tenn. 1975).  In fact, courts have found Rule 8(a) deficiencies in circumstances far less egregious than Mahone's prolific submission.  *See*, *e.g.*, *Plymale v. Freeman,* No. 90–2202, 1991 WL 54882, at *1 (6th Cir. Apr. 12, 1991) (district court did not abuse its discretion in dismissing with prejudice "rambling" 119–page complaint containing nonsensical claims); *Flayter v. Wis. Dep't of Corr.,* 16 F. App'x 507, 509 (7th Cir. 2001) (dismissing 116–page complaint pursuant to Rule 8(a)(2)); and *Michaelis v. Neb. State Bar Ass'n,* 717 F.2d 437, 438–39 (8th Cir. 1983) (per curiam) (affirming dismissal of 98–page complaint where "[t]he style and prolixity of these pleadings would have made an orderly trial impossible").  "A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." *Vicom v. Harbridge Merch. Servs., Inc.,* 20 F.3d 771, 775–76 (7th Cir. 1994).  Akin to the plaintiffs' complaints in the above-cited cases, Mahone's is also "confusing and distracting." *See Windsor v. A Fed. Exec. Agency,* 614 F. Supp. 1255, 1257 (M.D. Tenn. 1983).

For these reasons, Mahone's 225-page complaint – replete with remarkable overlap among its claims and supporting factual allegations – does not satisfy Rule 8(a)(2)'s requirements.  The confusing complexity of his verbose and repetitive narratives does not constitute a "short and plain statement."  Fed. R. Civ. P. 8(a).  He has not "presented [his claims] with intelligibility sufficient for a court or opposing party to understand whether a valid claim is presented and if so what it is." *Jennings v. Emry,* 910 F.2d 1434, 1436 (7th Cir. 1990).  It so lacks a modicum of clarity that it would "requir[e] [this] [C]ourt [and] opposing part[ies] to forever sift through its pages in search of that understanding." *Id*. (citations omitted).

Mahone also has not complied with Rule 8(a)(3), which requires a complaint to contain "a demand for the relief sought."

### IV.     AMENDMENT UNDER THE PLRA

Accordingly, the Plaintiff is **ORDERED**, within twenty-one (21) days of the date of entry of this order, to submit an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure.  The amendment must be typed or hand printed on 8 ½ by 11 inch paper, one side to a sheet.  The Plaintiff must personally sign the amendment.  With respect to each amended claim asserted, he must: (i) state the parties who are sued; (ii) identify any state or federal statute under which the claim arises; and (iii) provide a short and plain statement of the claim's factual basis.

As noted *supra*, Mahone's factual allegations purportedly encompass a vast period of time.  The Court is not obligated at this juncture to parse out the dates relevant to his claims.  However, the Court points out for Mahone that the limitations period for § 1983 actions arising in Tennessee is the one-year limitations provision found in Tenn. Code Ann. § 28-3-104(a)(1)(B). *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005).  Accordingly, to the extent one or more of his claims arose more than one year before May 27, 2020 -- *i.e.*, the date he signed his complaint (ECF No. 1 at PageID 6; ECF No. 1-4 at PageID 245) -- those claims may be barred by the statute of limitations.

If Plaintiff fails to file an amended complaint within the time specified, the Court will dismiss this case and enter judgment.  The Court recommends that dismissal of this case be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, No. 20-1406, 2021 WL 1727619, at *1 (6th Cir. May 3, 2021).

### V.     CONCLUSION

For all of the reasons explained above, the Court **DISMISSES THE COMPLAINT WITHOUT PREJUDICE** for failure to state a claim on which relief can be granted, under 28

U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1).  Leave to amend is **GRANTED**.  Any amendment to Plaintiff's claims must be filed within twenty-one (21) days after the date of this order.

    **SO ORDERED**, this 20th day of May, 2021.

                                          *s/ John T. Fowlkes*
                                          JOHN T. FOWLKES
                                          UNITED STATES DISTRICT JUDGE