## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

|  |  |  |
|---|---|---|
| MICHAEL MAHONE | ) |  |
|  | ) |  |
| Plaintiff, | ) |  |
| v. | ) |  |
|  | ) | No. 2:20-cv-2493-JTF-atc |
| F/N/U MANNING, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**ORDER VACATING ORDER OF DISMISSAL (ECF NO. 13) & JUDGMENT (ECF NO. 14);
GRANTING MOTION FOR RELIEF FROM JUDGMENT (ECF NO. 21);
GRANTING MOTION TO AMEND (ECF NO. 18);
DISMISSING AMENDED COMPLAINT (ECF NO. 17) WITH PREJUDICE;
DENYING LEAVE TO AMEND;
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH;
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL;
NOTIFYING PLAINTIFF OF STRIKE RECOMMENDATION UNDER
28 U.S.C. § 1915(g);
AND DISMISSING CASE IN ITS ENTIRETY**

On July 8, 2020, *pro se* Plaintiff Michael Mahone filed a complaint filed under 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On August 26, 2020, the Court granted leave to proceed *in forma pauperis*. (ECF No. 7.) On May 20, 2021, the Court: (1) dismissed without prejudice Mahone's 225-page complaint that asserted 12 claims against 58 Defendants because Mahone failed to state a claim to relief; and (2) granted leave to amend. (ECF No. 12 (the Screening Order).) Mahone's deadline to amend expired on Thursday, June 10, 2021. (*Id*. at PageID 377.) The Court warned Mahone that his failure to comply with the Screening Order in a timely manner would result in a dismissal of this action and entry of judgment. (*Id*. at PageID 376.) Mahone did not timely file amended claims. On June 17, 2021, the Court: (1) entered an order dismissing this case, certifying that an appeal would not be taken

in good faith, and notifying Mahone of the appellate filing fee (ECF No. 13 (the Dismissal Order)); and (2) entered judgment (ECF No. 14 (the Judgment)).

On August 23, 2021, Mahone filed a "Motion To File A Supplemental Pleading" (ECF No. 17 (the First Motion).  Attached to the First Motion are: (1) 326 pages of exhibits (ECF No. 17-1 at PageID 402 through ECF No. 17-6 at PageID 727 (the Exhibits); (2) five pages listing the policies and procedures of the Shelby County Sheriff's Office (SCSO) that Mahone seeks to change (ECF No. 17-4 at PageID 574-578); (3) a demand for declaratory relief (*id*. at PageID 578); (4) 39 pages of Mahone's "justifi[cation]" for the compensatory damages demanded from each Defendant (*id*. at PageID 579-618); and (5) a demand for punitive damages (*id*. at PageID 618)).

On September 17, 2021, Mahone filed a "Motion To Amend The Supplemental Pleading." (ECF No. 18 (the Second Motion).)

On January 3, 2022, Mahone notified the Clerk that Plaintiff had been transferred to the DeBerry Special Needs Facility (the DSNF) in Nashville, Tennessee.  (ECF No. 19.)

On January 19, 2022, Mahone submitted a letter to the Clerk alleging that he did not receive the copy of the Screening Order that the Clerk had mailed to Plaintiff at Bledsoe County Correctional Complex (the BCCC) on May 21, 2021.  (ECF No. 20 (the Letter).)  Mahone states that he had been confined at the BCCC from April 26, 2021 through October 1, 2021.  (*Id*. at PageID 735-36.)  Mahone alleges that he first learned of the Screening Order on January 12, 2022, when he received a copy of the public docket sheet for this case.[1]  (*Id*. at PageID 735.)  Mahone contends that he would have availed himself of the opportunity to amend his initial complaint had he known that he had leave of Court to do so.  (*Id*. at PageID 736.)

---

[1]  On January 4, 2022, the Clerk of the Court mailed this case's public docket sheet to Mahone at the DSNF, after receiving Mahone's January 3, 2022 letter giving notice of his change of address to the DSNF.  (*See* ECF No. 19.)

On March 24, 2022, Mahone filed a Motion For Relief From Judgment.  (ECF No. 21.)

Mahone's Declaration in support of the Motion attests that he "never received any mail notifying

me that the complaint had been dismissed, [that] I was granted leave to amend the complaint, [or

that] a judgment had been entered."  (ECF No. 21 at PageID 740.)  Mahone states that he "was

and still remain[s] invested in seeing the case through."  (*Id.*)

The record suggests that Mahone did not receive a copy of the Screening Order due to an

administrative mistake during delivery to Plaintiff at the BCCC.  (*See* ECF No. 15 at PageID 390

(the copy of the Screening Order mailed to Mahone was returned to the Clerk bearing a "Return

To Sender" stamp and a "Name Does Not Match TDOC#" stamp).)  Reasonably construing all

plausible inferences from the record in Mahone's favor, the Court finds good cause to consider

Mahone's amended claims.  The record demonstrates that Mahone has complied in good faith

with the Court's prior orders.  (*See, e.g.*, ECF No. 7 at PageID 361 (order granting leave to proceed

*in forma pauperis* and directing Mahone to notify the Clerk immediately in writing if Mahone is

transferred to a different facility); ECF No. 11 at PageID 369 (Mahone's letter to the Clerk

providing notice of Plaintiff's transfer from the Shelby County Criminal Justice Complex

(SCCJC) to the BCCC); and ECF No. 19 (Mahone's letter to the Clerk providing notice of

Plaintiff's transfer from the BCCC to the DSNF).)  The Letter's level of detail regarding

Mahone's whereabouts during the relevant time, and his Declaration's earnest expression of

interest in pursuing amended claims, *see id.* at PageID 735-36 & ECF No. 21 at PageID 740,

convince this Court to consider his amended claims.

Therefore, the Court: (1) **VACATES** the Dismissal Order (ECF No. 13) and the Judgment

(ECF No. 14); (2) **GRANTS** the Motion For Relief From Judgment (ECF No. 21); (3) **GRANTS**

the First Motion (ECF No. 17) and the Second Motion (ECF No. 18); and (4) **CONSOLIDATES**

the First Motion (ECF No. 17), the Exhibits (ECF No. 17-1 through ECF No. 17-6), and the

Second Motion (ECF No. 18) as the Consolidated Amended Complaint (CAC) for purposes of screening under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA").

## I.      SCREENING OF THE CAC[2]

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The CAC glaringly fails to comply with this requirement.

The 331-page CAC does not "give the defendant[s] fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *See Conley v. Gibson*, 355 U.S. 41, 47 (1957).  The CAC places the onus on the Court and the Defendants to parse out Mahone's claims from among overlapping narratives and a morass of prison grievance forms.  For example, the CAC alleges that the SCSO has a "practice, custom, or policy of being deliberately indifferent towards providing insufficient or no recreation time."  To make this allegation, the CAC cross-references six different grievances over the span of 135 pages.  (*See* ECF No. 17-1 at PageID 437.)  The CAC does the same for, *inter alia*, the SCSO's alleged "practice or custom … of failing to have sufficient staff … [that] had a negative impact on Mahone's physical and mental health."  The CAC cross-references three different grievances over the span of 92 pages.  (*Id*. at PageID 437-38).  Mahone's manner of pleading is unintelligible.

The CAC also dissects claims, parties, and factual allegations into groups that are incomprehensible.  (*See*, *e.g.*, ECF No. 17-1 at PageID 403 (after listing thirty Defendants, the CAC states: "Please note that Johnson and Floyd Bonner Jr. are two defendants who are listed as defendants in the original pleading.  Perkins makes the third defendant listed as a defendant in the original pleading.  Thus, all other defendants should be added as defendants to Case Number 2:20-

---

[2]  The legal standard for screening prisoner claims under the PLRA and the requirements to state a claim under § 1983 are set forth in the Screening Order and need not be restated here. (*See* ECF No. 12 at PageID 372-74.)

cv-2493"); *id.* at PageID 440 ("In all claims except one, a practice, policy or custom prevented staff from addressing the issue(s) within a grievance, written complaint, or verbal request. The exception is in regards to G-495106 at the bottom center of the page in the original pleading. The claims within this supplemental pleading all fall under one or a combination of the aforementioned practices, policies, or customs"); *id.* at PageID 444 ("Mahone had previously filed a grievance about Johnson's misconduct or her deliberate indifference. Examples can be found within the following grievances from the original pleading, on their respective pages numbered at the bottom center of the following pages …" (listing five grievances found over the span of 114 pages)). The CAC's scattershot approach does not comport with Fed. R. Civ. P. 8(a)'s pleading requirements.

The CAC suffers from the same defects as Mahone's initial complaint. The CAC "has not presented [Mahone's claims] with intelligibility sufficient for a court or opposing party to understand whether a valid claim is presented and if so what it is." (*See* ECF No. 12 at PageID 375 (internal citation omitted).) Within the 331-page CAC are: tables (*e.g.*, ECF No. 17-3 at PageID 518-19; and ECF No. 17-4 at PageID 597 & 610); a confusing array of cross-referenced documents (*e.g.*, ECF No. 17-1 at PageID 437, 438 & 444; and ECF No. 17-2 at PageID 463, 470 & 485); and internal revisions (*e.g.*, ECF No. 17-4 at PageID 564 ("Amendment: On the bottom of page 141 herein, in between the words 'protection' and 'under', insert the following: 'and privileges or immunities'"; *id.* at PageID 572 (same); and ECF No. 18 at PageID 731 (same)).

Furthermore, the CAC seeks to sue defendants who do not even know they have been sued. (ECF No. 17-1 at PageID 402-03 ("an unknown person responsible for scheduling outside medical appointments"; "a sergeant assigned to the north side on the fourth floor"; "an unknown sergeant"; "an unknown lieutenant"; "an unknown maintenance worker"; "unknown grievance supervisors #30-35"; "unknown chief jailers"; and "unknown security staff").) Mahone cannot

5

make claims against a universe of unspecified persons who have no notice of claims against them. *See Marcilis v. Twp. of Redford*, 693 F.3d 589, 596–97 (6th Cir. 2012) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)) (affirming district court's dismissal of complaint that failed to "'allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right'").

To the extent Mahone seeks to have the Exhibits' contents serve as his § 1983 claims, Mahone's effort is not well taken. Mahone did not sign the Exhibits as his allegations in this case pursuant to Fed. R. Civ. P. 11(a).[3] Furthermore, Mahone may not place a burden on the Court and the Defendants to guess the § 1983 claims Plaintiff asserts by dissecting the Exhibits' numerous grievance forms. *See Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Payne v. Secretary of Treasury,* 73 F. App'x 836, 837 (6th Cir. 2003).

In sum, the CAC is "so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." *Harrell v. Dirs. of Bur. of Narcotics & Dangerous Drugs,* 70 F.R.D. 444, 446 (E.D. Tenn. 1975). With its verbosity, the CAC is "confusing and distracting." *See Windsor v. A Fed. Exec. Agency,* 614 F. Supp. 1255, 1257 (M.D. Tenn. 1983). The CAC does not present Mahone's amended claims "with intelligibility sufficient for a court or opposing party to understand whether a valid claim is presented and if so what it is." *Jennings v. Emry,* 910 F.2d 1434, 1436 (7th Cir. 1990). The CAC would "requir[e] [this] [C]ourt [and] opposing part[ies] to forever sift through its pages in search of that understanding." *See id.* (citations omitted).

---

[3] "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name -- or by a party personally if the party is unrepresented … " Fed. R. Civ. P. 11(a).

The CAC fails to comply with Fed. R. Civ. P. 8(a)'s pleading requirements and does not allege facts that demonstrate a claim to relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  For these reasons, the CAC is **DISMISSED WITH PREJUDICE**.

## II.    AMENDMENT UNDER THE PLRA

The Court DENIES leave to amend the CAC.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1).

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA.  *Lucas v. Chalk*, 785 Fed. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)).  Leave to amend is not required where a deficiency cannot be cured.  *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand"); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court has granted Mahone leave to amend his claims in this case.  (*See* ECF No. 12.)  It would be futile to give Mahone another opportunity.

## III.    APPELLATE ISSUES

Under Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), the Court must consider whether an appeal by Plaintiff would be taken in good faith.  *See Callihan v. Schneider*, 178 F.3d 800, 803–04 (6th Cir. 1999).  Under Rule 24(a), if the district court permits a party to proceed *in forma pauperis*, that party may also proceed on appeal *in forma pauperis* without further authorization.  There is an exception when the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma*

*pauperis*." Fed. R. App. P. 24(a)(3)(A).  If the district court denies pauper status, the party may move to proceed *in forma pauperis* in the Court of Appeals.  Fed. R. App. P. 24(a)(4)–(5).

The good faith standard is an objective one.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  The test for whether a party appeals in good faith is whether the litigant seeks appellate review of any issue that is not frivolous.  *Id.*  "It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on Defendants but has sufficient merit to support an appeal *in forma pauperis*."  *DePriest v. Prestress Servs., Inc.*, No. 13-2768, 2014 WL 1269933, at *1 (W.D. Tenn. Mar. 27, 2014) (citing *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983)).  For the same reasons the Court dismisses Plaintiff's second amended complaint for failure to state a claim, the Court finds that an appeal would not be taken in good faith.  The Court therefore **CERTIFIES**, under Federal Rule of Appellate Procedure 24(a), that any appeal by Plaintiff would not be taken in good faith.  The Court **DENIES** leave to proceed on appeal *in forma pauperis*.  If Plaintiff appeals, he must pay the full $505 appellate filing fee or move for leave to appeal *in forma pauperis* with a supporting affidavit in the Sixth Circuit.  *See* Fed. R. App. P. 24(a)(5).

## IV.   NOTICE OF STRIKE RECOMMENDATION

The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated ... brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(g).  For § 1915(g) analysis of Plaintiff's future filings, if any, the Court recommends that the dismissal of this case be treated as a strike pursuant to § 1915(g).  *See Simons v. Washington*, No. 20-1406, 2021 WL 1727619, at *1 (6th Cir. May 3, 2021).

## V.   CONCLUSION

For the reasons stated above:

A.      The Dismissal Order (ECF No. 13) and Judgment (ECF No. 14) are **VACATED**;

B.      The Motion For Relief From Judgment (ECF No. 21) is **GRANTED**;

C.      Mahone's First Motion (ECF No. 17) and Second Motion (ECF No. 18) are **GRANTED**;

D.      The CAC (ECF No. 17; ECF No. 17-1 through ECF No. 17-6; and ECF No. 18) is **DISMISSED WITH PREJUDICE** for failure to comply with Fed. R. Civ. P. 8(a) and failure to state a claim to relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court recommends that this dismissal be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons*, 2021 WL 1727619, at *1.

E.      Leave to amend is **DENIED**.

F.      This case is **DISMISSED** in its entirety.

G.      The Court **CERTIFIES** that an appeal would not be taken in good faith.

H.      The Court **DENIES** leave for Plaintiff to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED**, this 30th day of March, 2022.

*s/ John T. Fowlkes*

JOHN T. FOWLKES
UNITED STATES DISTRICT JUDGE