IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MICHAEL MAHONE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | No. 2:20-cv-2493-JTF-atc |
| F/N/U MANNING, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT (ECF NO. 23)**

Before the Court is Plaintiff Michael Mahone's June 6, 2022 Motion For Relief From Judgment (ECF No. 23) (the "Motion"). For the reasons explained below, the Motion is DENIED.

**I.     PROCEDURAL BACKGROUND**

On May 20, 2021, the Court dismissed the twelve (12) claims in Mahone's two hundred and twenty-five (225) page, multi-chart complaint for failure to state a claim to relief. (*See* ECF No. 1 (suing fifty-eight (58) Defendants); ECF No. 12 (the "Screening Order").) The Court granted leave to amend on or before June 10, 2021. (*Id.*) On May 20, 2021, the Clerk mailed the Screening Order to Mahone at Bledsoe County Correctional Complex (the "BCCX") in Pikeville, Tennessee. (*Id.*) On June 17, 2021, the Court dismissed the case and entered judgment because Mahone had failed to timely amend. (ECF No. 13 (the "Dismissal Order"); ECF No. 14 (the "Judgment").) On July 2, 2021, the Screening Order was returned undeliverable to the Clerk of Court. (ECF No. 15.)

On August 23, 2021, Mahone filed a "motion to file a supplemental pleading." (ECF No. 17.) He attached three hundred and twenty-six (326) pages of exhibits and five (5) pages of Shelby County Sheriff's Office policies and procedures. (*Id.*) On September 17, 2021, Mahone filed a "motion to amend the supplemental pleading." (ECF No. 18) (ECF Nos. 17 & 18 are referred to

as the "Supplemental Pleadings").  On January 3, 2022, Mahone notified the Clerk he had been permanently assigned to the Deberry Special Needs Facility in Nashville, Tennessee.  (ECF No. 19.)  On January 4, 2022, the Clerk mailed a copy of the case's docket sheet to Mahone, at his request.  On January 19, 2022, Mahone submitted a letter stating that, *inter alia*: (1) he became aware of the Screening Order on January 12, 2022; (2) he was confined at the BCCX from April 26, 2021 through October 1, 2021; and (3) he was "not sure why I didn't receive the [Screening Order via] mail."  (ECF No. 20 at PageID 735-36.)  On March 24, 2021, Mahone filed a motion to set aside the Judgment, alleging he never received notice of the case's dismissal.  (ECF No. 21.)

Liberally construing the record in Mahone's favor, the Court found Mahone demonstrated good faith in seeking to have his amended § 1983 claims screened.  (ECF No. 22.)  On March 30, 2022, the Court: (1) vacated the Dismissal Order; (2) granted Mahone's motion for relief from the Judgment; (3) consolidated the Supplemental Pleadings as the Consolidated Amended Complaint (the "CAC"); (4) screened the CAC pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"); (5) dismissed the CAC with prejudice for (a) failure to comply with Fed R. Civ. P. 8(a)'s pleading requirements and (b) failure to allege facts demonstrating a claim to relief; (6) denied leave to amend; (7) certified that an appeal would not be taken in good faith; (8) denied leave to proceed *in forma pauperis*; (9) notified Mahone of the Court's strike recommendation under 28 U.S.C. § 1915(g); and (10) dismissed the case in its entirety.  (ECF No. 22 (the "March 30 Order") at PageID 745-49.)

On June 6, 2022, Mahone filed the Motion, alleging he "was not provided the process which he was due … to amend the original complaint."  (ECF No. 23 at PageID 752-53.)  Mahone contends that "[d]ue to the mail system," he "did not receive notice of the opportunity to amend his original complaint until … January 11, 2022 [when he] received a docket sheet[,] … after the

2

[J]udgment was entered." (*Id*. at PageID 755-56.)  Mahone asks the Court to vacate the March 30 Order "so that [Mahone] may have a reasonable opportunity to amend the original complaint and supplemental pleading in a meaningful manner." (*Id*. at PageID 753.)

**II.     ANALYSIS**

The Court construes the Motion as an applications to alter or amend the judgment under Fed. R. Civ. P. 59(e) or applications for relief from final judgment under Fed. R. Civ. P. 60(b)(1) and (b)(6).

The purpose of Rule 59(e) is to allow a district court to correct its own mistakes. *White v. New Hampshire Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982).  The Rule "allows for reconsideration; it does not permit parties to effectively re-argue a case." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (citation and internal quotation marks omitted).  A court may alter or amend its judgment under Rule 59(e) because of an intervening change in the controlling law, newly discovered evidence, or to correct a clear error of law or prevent a manifest injustice. *See Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009); *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 470, 406 (6th Cir. 2006).

Under Federal Rule of Civil Procedure 60(b), a court may grant a party relief from a final judgment for one of several defined reasons, including mistake or inadvertence, newly discovered evidence, fraud, a defect in the judgment, or any other reason justifying relief. *See* Fed. R. Civ. P. 60(b)(1)–(6).  "A Rule 60(b) motion is neither a substitute for, nor a supplement to, an appeal." *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007).  "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof.  The grant of relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Tyler v. Anderson*,

749 F.3d. 499, 509 (6th Cir. 2014) (internal quotation marks and citations omitted).  Rule 60(b)(1) is "intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000) (citation omitted).  Rule 60(b)(6) "provides for relief from a final judgment for any reason justifying relief not captured in the other provisions of Rule 60(b)."  *Henness v. Bagley*, 766 F.3d 550, 553 (6th Cir. 2014).  "A movant seeking relief under Rule 60(b)(6) must show 'extraordinary circumstances' justifying the reopening of a final judgment." *Abdur'Rahman v. Carpenter*, 805 F.3d 710, 713 (6th Cir. 2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).  "Motions to reconsider ... are used sparingly and in rare circumstances."  *In re Regions Morgan Keenan Sec., Derivative & ERISA Litig.*, Nos. 2:09-MD-2009-SHM, 12-2341, 2013 WL 2319271, at *2 (W.D. Tenn. May 28, 2013) (quoting *In re Southeastern Milk Antitrust Litig.*, No. 2:08-MD-1000, 2011 WL 3793777, at *1 (E.D. Tenn. Aug. 25, 2011)).  A court should not grant a motion to revise its prior ruling "in the vast majority of instances ...." *Id*. (quoting *White v. Hitachi Ltd.*, No. 3:04-CV-20, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008)).

      The Court has carefully reviewed the Motion.  Mahone alleges no facts and asserts no arguments that persuade the Court to reconsider the March 30 Order.

      Mahone contends he "did not receive the process which was due him" when the Court screened the Supplemental Pleadings as Mahone's amended claims under § 1983.  (ECF No. 23-1 at PageID 756.)  Mahone's argument misapprehends the import of the Supplemental Pleadings he submitted.  New facts alleged by a *pro se* plaintiff, styled as a "supplement to the complaint", are properly construed as an amended complaint.  *See*, *e.g.*, *Pickett v. McCage*, No. 17-cv-1097-

4

JDB-cgc, 2018 WL 2187057, at *1 n.1 (W.D. Tenn. May 11, 2018) (screening the plaintiff's "Supplement to the Complaint" under the PLRA "[b]ecause [the plaintiff], proceeding *pro se*, appears to intend for this filing to add additional facts to his original complaint") (citing *Privett v. Pellegrin*, 798 F.2d 470 n.1 (6th Cir. 1986) (unpublished table decision) (finding that the plaintiff "intended the allegations" in his second amended complaint "to supplement" his first amended complaint); *Tompkins-Wells v. Shelby Cnty. Head Start*, No. 12-cv-3035-JTF-dkv, 2014 WL 4925860, at *7 (W.D. Tenn. Sept. 29, 2014) (considering plaintiff's supplements to her original complaint as an amended complaint).[1]  Mahone's intent behind the Supplemental Pleadings was similar to that of the *Pickett* and *Tompkins-Wells* plaintiffs.  (ECF No. 23-1 at PageID 754 (alleging that Mahone "obtained new information that was related to and supported claims in the original complaint.  As a result, [Mahone] prepare[d] [the] [S]upplemental [Pleadings]").)

Mahone acknowledges that the Court "rendered a thorough review of the CAC." (ECF No. 23-1 at PageID 756.)  That Mahone was unaware, when he filed the Supplemental Pleadings, the Court had granted leave to amend does not negate the reality that: (1) Mahone received an opportunity to amend, via the Supplemental Pleadings; and (2) the March 30 Order screened the Supplemental Pleadings, as the PLRA required.

Mahone argues that "it was unreasonable for the Court to conduct a screening of the CAC, with the expectation that [Mahone] comply with Fed. R. Civ. P. 8." (*Id*. at PageID 756-57.)  His contention is disingenuous.  Mahone was on notice, from the Court's procedural guide for *pro se* litigants, that:

---

[1] *Accord Kelly v. O'Toole*, No. 3:19-cv-0796, 2020 WL 707582, at *2 n.2 (M.D. Tenn. Feb. 12, 2020) (construing plaintiff's supplement to the complaint as an amended complaint under § 1983).

5

> The fact that you have chosen self-representation does not excuse you from complying with the Federal Rules of Civil Procedure and the Federal Rules of Evidence, both of which are found in Title 28 of the United States Code, or this district's Local Rules. The Local Rules are accessible in the Clerk's Office and on line at www.tnwd.uscourts.gov. The Federal Rules of Civil Procedure are available in numerous local legal libraries, and at several on-line sites, such as www.law.cornell.edu/rules/frcp/overview.html.

(*See* https://www.tnwd.uscourts.gov/pdf/content/ProSeGuide.pdf.)

Mahone's contention that he "never had a true or reasonable opportunity" to amend mischaracterizes this case's procedural history. His January 19, 2022 letter alleges he "was made aware" on that date of the Screening Order, via a copy of the docket sheet from the Clerk. (ECF No. 20 at PageID 735.) That Mahone (1) waited over two months to move to set aside the Judgment and (2) did not submit any supplemental or amended claims with that motion (ECF No. 21) reasonably suggests that Mahone regarded the Supplemental Pleadings as his amended, operative claims for screening under the PLRA, which the Court screened. (ECF No. 22.)

Mahone has not demonstrated that the March 30 Order's (1) dismissal of the CAC with prejudice and (2) dismissal of the case are erroneous.

### III.   CONCLUSION

For the reasons explained *supra*, Mahone does not demonstrate mistake, inadvertence, newly discovered evidence, fraud, an intervening change in controlling law, a clear error of law, manifest injustice, extraordinary circumstances, or any other reason justifying reconsideration of the March 30 Order's (1) dismissal of the CAC and (2) dismissal of the case.

The Motion (ECF No. 23) is **DENIED**.

IT IS SO ORDERED this 25th day of October, 2022.

                              *s/ John T. Fowlkes, Jr.*
                              JOHN T. FOWLKES
                              UNITED STATES DISTRICT JUDGE